1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAMELLO D. RANDLE,

           Plaintiff,

    v.

CONTRA COSTA COUNTY CONFLICTS
PANEL, et al.,

           Defendants.

Case No. 24-cv-00323-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, an inmate in the Contra Costa County Jail who is proceeding without

representation by an attorney, filed this civil rights complaint under 42 U.S.C. § 1983 against three

attorneys who were successively appointed to represent him in his criminal proceedings in Contra

Costa County Superior Court (Defendants Anthony Guy Ashe, Lawrence Steven Strauss, and

Matthew Fregi), the "Contra Costa County Conflicts Panel" ("Conflicts Panel"), and the Conflicts

Panel's supervisor[1] (ECF No. 1.)  For the reasons explained below, the complaint is dismissed

because it does not state a claim that is capable of judicial review and determination.

## BACKGROUND

Plaintiff alleges between January and November 2023, the Conflicts Panel Supervisor

appointed Defendants Ashe, Strauss, and Fregi to represent him at different times in his criminal

proceedings.[2]  (ECF No. 1 at 9.)  He alleges these attorneys did not provide him adequate

representation and were not qualified because they "never won a case with lying in wait," a

---

[1] Plaintiff only provides the supervisor's first name, so the Court refers to her in this order as "the
Supervisor."
[2] Plaintiff alleges he had "conflicts" with the Contra Costa County Public Defender's Office and
the Contra Costa County Alternate Defender's Office.  (*Id.* at 12.)

1   murder special circumstance of which Plaintiff was charged.  (*Id.* at 11.)  He alleges they

2   "[r]efused to prepare a defense for my case.  Refused to hire the proper experts needed for my

3   case.  Refused to call favorable witnesses for my case.  Refused to produce evidence that proves

4   my innocence," and "refuse[d] to file critical motions."  (*Id.* at 9-10.)  He alleges he had "critical

5   conflicts" with all of them, and he "had to threaten [his] attorneys/physically assault them to

6   remove them off my case."  (*Id.* at 9, 12.)  He alleges the Conflicts Panel Supervisor and the trial

7   judge disregarded his complaints about his appointed attorneys.  (*Id.* at 10-11.)  He claims he has

8   "suffered racial discrimination, animus bias, defamation of character, mental abuse, deprivation of

9   right to a fair trial."  (*Id.* at 12.)  He seeks monetary damages. (*Id.* at 14.)

10      According to the complaint in another civil rights case filed by Plaintiff in this Court, as

11  well as the docket in his state-court criminal case, he was convicted of first-degree murder on

12  March 22, 2024.  *See Randle v. Fregi, et al.*, No. C 24-2098 JSC (PR) (N.D. Cal.) (ECF No. 1 at

13  6); *State of California v. Randle*, No. 04002000347 (Contra Costa County Sup. Ct.) (docket entry

14  of March 22, 2024, https://odyportal.cc-courts.org/Portal/Home/WorkspaceMode?p=0).[3]

**STANDARD OF REVIEW**

16      Federal courts must engage in a preliminary screening of cases in which prisoners seek

17  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

18  1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of

19  the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief

20  may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.*

21  § 1915A(b).  Pleadings filed by unrepresented parties must be liberally construed.  *Balistreri v.*

22  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

23      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

24  claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the

25

26  [3] Courts "may take notice of proceedings in other courts, both within and without the federal
    judicial system, if those proceedings have a direct relation to matters at issue."  *United States v.*

27  *Black*, 482 F.3d 1035, 1041 (9th Cir. 2007).  Court orders and other court documents are proper
    subjects of judicial notice, *id.*, as are records of court proceedings, *Dawson v. Mahoney*, 451 F.3d

28  550, 551 n.1 (9th Cir. 2006).  A court "may take judicial notice on its own."  Fed. R. Evid. 201(c).

United States District Court
Northern District of California

1  statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon

2  which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although to state

3  a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to

4  provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a

5  formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must

6  be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*,

7  550 U.S. 544, 555 (citations omitted).  A complaint must proffer "enough facts to state a claim for

8  relief that is plausible on its face."  *Id.* at 570.

9       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

10  right secured by the Constitution or laws of the United States was violated and (2) that the alleged

11  violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S.

12  42, 48 (1988).

13                                  **LEGAL CLAIMS**

14       Plaintiff's claims under 42 U.S.C. § 1983 against his three appointed defense attorneys,

15  Ashe, Strauss, and Fregi, are not capable of judicial determination.  An appointed criminal defense

16  lawyer does not act under color of state law, an essential element of an action under 42 U.S.C. §

17  1983, when performing a lawyer's traditional functions, such as entering pleas, making motions,

18  objecting at trial, cross-examining witnesses, and making closing arguments.  *Polk County v.*

19  *Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 556 U.S. 81, 93 (2009); *see also*

20  *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (attorneys in

21  private practice are not state actors).  It is the nature and context of the function performed by the

22  defense attorney that is determinative under *Polk County*.  *Miranda v. Clark County, Nevada*, 319

23  F.3d 465, 468 (9th Cir. 2003) (en banc) (holding public defender did not act under color of state

24  law when performing traditional functions of criminal defense lawyer).  Plaintiff alleges Ashe,

25  Strauss, and Fregi "refused" to "prepare a defense," "hire the proper experts," "call favorable

26  witnesses," "produce evidence that proves my innocence," and "file critical motions."  (ECF No. 1

27  at 9-10.)  These are clearly traditional functions performed by a defense lawyer in criminal

28  proceedings.  Consequently, under *Polk County*, Ashe, Strauss, and Fregi were not acting under

United States District Court
Northern District of California

1   color of state law, as is required to be liable under Section 1983, when they allegedly failed to

2   represent Plaintiff in the manner he describes.  Accordingly, Plaintiff's claims against these

3   Defendants under Section 1983 for failing to adequately represent him in his criminal proceeding

4   are not capable of judicial determination.

5         Plaintiff also sues the Supervisor of the Conflicts Panel for assigning Ashe, Strauss, and

6   Fregi to Plaintiff when these lawyers had not previously "won a case" in which a defendant was

7   charged with the special circumstance of lying in wait.  It is not clear from the allegations in the

8   complaint whether the Supervisor is a state official, but even if she is, she simply assigned him

9   attorneys; she did not represent him.  The Court is aware of no authority and none is cited by

10   Plaintiff, that an official who assigns a lawyer to a criminal defendant violates that defendant's

11   constitutional rights when the lawyer renders ineffective assistance.  *Cf. Strickland v. Washington*,

12   466 U.S. 668, 686 (1984) (providing the Sixth Amendment right to counsel guarantees effective

13   assistance of counsel by the attorney represents the criminal defendant).  Nor is there any authority

14   of which the Court is aware providing the Sixth Amendment guarantees a defendant a defense

15   lawyer who has previously won a case involving the same charges being brought against the

16   defendant.  Consequently, Plaintiff has not stated a claim against the Supervisor that is capable of

17   judicial determination.

18         Plaintiff also names the Conflicts Panel as a Defendant.  Plaintiff has not alleged whether

19   this panel is an entity that may be sued independently from the Conflict Panel's Supervisor.  Even

20   if it is, the same analysis applies to this claim as to the claim against the Supervisor of the

21   Conflicts Panel.

22         Leave to amend should not be granted if amendment of the pleading would be futile.  *See*

23   *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).  It is clear from the allegations in

24   the complaint Plaintiff intends to sue the attorney Defendants for their actions in representing

25   Plaintiff in his criminal proceedings, actions that were not under color of state law under Section

26   1983.  It is also clear from the allegations in the complaint that Plaintiff intends to sue the

27   Supervisor and the Conflicts Panel for assigning him those lawyers, which does not implicate his

28   constitutional rights.  Such claims cannot be amended to state a claim against that is capable of

1   judicial review and determination under Section 1983.  Accordingly, leave to amend will not be

2   allowed.

3                                         **CONCLUSION**

4          For the foregoing reasons, the case is DISMISSED for failure to state a claim that is

5   capable of judicial review and determination.  The dismissal is without leave to amend and with

6   prejudice.

7          The Clerk shall enter judgment and close the file.

8          This order terminates docket number 2.

9          **IT IS SO ORDERED.**

10  Dated: May 28, 2024

11

12                                                      JACQUELINE SCOTT CORLEY
                                                        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28